UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER COKER, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 2:18-cv-3385 |
| | : | |
| THERESA DELBASO, THE DISTRICT | : | |
| ATTORNEY OF THE COUNTY OF | : | |
| PHILADELPHIA, and THE ATTORNEY | : | |
| GENERAL OF THE STATE OF | : | |
| PENNSYLVANIA, | : | |
| Respondents. | : | |

**O P I N I O N**
**Report and Recommendation, ECF No. 11—APPROVED and ADOPTED**
**Habeas Corpus Petition, ECF No. 2—DENIED and DISMISSED**

**Joseph F. Leeson, Jr.**                                      **April 10, 2020**
**United States District Judge**

I.      **INTRODUCTION**

        In this habeas corpus matter, petitioner Christopher Coker challenges the constitutionality

of his conviction and sentence for voluntary manslaughter and possessing an instrument of a

crime stemming from a 2003 shooting.  In 2005, following a jury trial in the Court of Common

Pleas for Philadelphia County, Coker was sentenced to a term of six to twelve years

imprisonment for manslaughter, and one to two years imprisonment for possessing an instrument

of a crime, to run concurrently.  Coker's conviction and sentence were subsequently upheld by

the Superior Court, and his petition for allowance of appeal to the Pennsylvania Supreme Court

was denied.  Thereafter, Coker unsuccessfully moved for collateral relief under the PCRA[1] in

_____

[1]      "PCRA" refers to the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. §§
9541-9546.  *See Commonwealth v. Haag,* 809 A.2d 271, 284 (Pa. 2002) ("The purpose of the
PCRA is to provide an action for persons convicted of crimes they did not commit and persons

Pennsylvania state court before filing the instant habeas corpus petition pursuant to 28 U.S.C. § 2254.

Coker's habeas petition, which purports to assert myriad grounds for relief, was referred to Magistrate Judge Elizabeth T. Hey for a Report and Recommendation ("R&R") as to whether it should be granted. In her R&R, Judge Hey has organized Coker's purported bases for relief into seventeen distinct claims, none of which, Judge Hey ultimately concludes, warrant habeas relief. Coker subsequently filed *pro se* objections, in which he purports to assert objections to the R&R's conclusions as to six of the seventeen claims in his habeas petition.

After review of the habeas petition, the R&R, and Coker's objections, for the reasons set forth below, this Court overrules the objections, adopts the R&R, and dismisses Coker's petition.

## II.    RELEVANT BACKGROUND[2]

### A.    Coker's conviction, sentence, and subsequent challenges

On July 19, 2005, after a jury trial, Coker was convicted of voluntary manslaughter and possessing an instrument of a crime, arising from the 2003 shooting death of Jermane Morgan. *See Commonwealth v. Coker*, CP-51-CR-1200411-2003, at 1.[3] On August 30, 2005, Coker was sentenced to consecutive terms of imprisonment of six to twelve years for manslaughter, and one to two years for possessing an instrument of a crime. *See id.* at 4.

---

serving illegal sentences to obtain relief. The prisoner initiates the proceedings and bears the burden of proving, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the PCRA's specifically enumerated errors and that the error has not been waived or previously litigated.").

[2]    The Court writes for the parties and assumes their familiarity with the procedural history of this case, and, as such, gives only a basic summary here. There does not appear to be any dispute as to the case's procedural history. Similarly, the Court assumes the parties' familiarity with the factual background of this case and does not summarize it here.

[3]    This citation refers to the state court docket sheet.

Although Coker did not immediately challenge his sentence, his direct appeal rights were reinstated *nunc pro tunc*,[4] after which Coker "filed post sentence motions on April 30, 2007 challenging the weight and sufficiency of the evidence, and various aspects of his sentence." *Commonwealth v. Coker*, No. 2539 EDA 2007 (Pa. Super., filed 12/15/09) (unpublished memorandum), at *4.[5] On August 30, 2007, the trial court denied Coker's motion "by operation of law." *Id.* Coker filed an appeal alleging his "constitutional right to have counsel present at a critical stage of trial" was violated when the trial court "received a question from the deliberating jury and communicated an answer without the knowledge or presence of counsel." *Id.* (footnote omitted). The Superior Court found no reversible error and affirmed Coker's conviction and sentence. *See id.* at *6. On June 15, 2010, the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Coker*, 996 A.2d 1067 (Pa. 2010) (table).

Coker filed a *pro se* PCRA petition on November 12, 2010. *See Commonwealth v. Coker*, CP-51-CR-1200411-2003, at 12. In review of the petition on appeal, the Superior Court gave the following account of the procedural history following this filing:

> On November 12, 2010, Appellant filed the instant PCRA petition, alleging the ineffectiveness of both trial counsel, Todd Henry, Esquire, and appellate counsel,

---

[4]    His direct appeal was not immediate. In later ruling on his PCRA petition, the Superior Court summarized this delay in the filing of his direct appeal as follows:

> On August 30, 2005, the trial court sentenced Appellant to an aggregate term of seven to fourteen years' incarceration followed by a ten-year probation term. Appellant did not file a direct appeal, but later filed a timely PCRA petition seeking the reinstatement of his direct appeal rights. The PCRA court reinstated Appellant's appeal rights and appointed Richard Brown, Jr., Esquire, as appellate counsel. Appellant subsequently presented a challenge to the trial court's alleged *ex parte* interaction with the jury at his trial to this Court. We affirmed Appellant's judgment of sentence and our Supreme Court denied *allocator*.

*Commonwealth v. Coker*, No. 2397 EDA 2016, 2017 WL 3172558, at *1 (Pa. Super. Ct. July 26, 2017).

[5]    *See also Commonwealth v. Coker*, 990 A.2d 39 (Pa. Super. 2009) (table).

Attorney Brown. The PCRA court appointed PCRA counsel, Elayne Bryn, Esquire. Attorney Bryn filed a *Turner/Finley* no-merit letter and petition to withdraw as counsel on May 11, 2015. The following day, the PCRA court granted Attorney Bryn's request to withdraw and issued a Rule 907 notice of its intent to dismiss the petition without a hearing. Appellant filed a response, requested the appointment of new counsel, and requested a hearing. The PCRA court granted Appellant's request for new counsel and appointed David Rudenstein, Esquire, on August 28, 2015.

Shortly thereafter, Attorney Rudenstein filed an amended petition through which Appellant raised seven allegations of ineffective assistance of counsel, renewed Appellant's request for an evidentiary hearing, and requested a new trial. The PCRA court filed a Rule 907 notice of its intent to dismiss the petition as amended on May 12, 2016. In response, Appellant filed a motion for leave to hold an immediate *Grazier* hearing. The PCRA held the *Grazier* hearing, and after determining that Appellant did not wish to proceed without counsel, denied the petition on June 30, 2016. This timely appeal followed.

On appeal, Appellant contends that the PCRA court erred by dismissing his PCRA petition without an evidentiary hearing. To support this claim, Appellant raises seven separate allegations of trial counsel ineffectiveness and appellate counsel ineffectiveness that he claims would have proved meritorious at an evidentiary hearing.

*Commonwealth v. Coker*, No. 2397 EDA 2016, 2017 WL 3172558, at *2 (Pa. Super. Ct. July 26, 2017).

The Superior Court addressed all seven claims of ineffective assistance—based on (1) trial counsel's failure to object to the prosecution's mention of the victim's race in opening arguments, (2) trial counsel's failure to object to the prosecution's remarks related to Coker's Fifth Amendment right to remain silent in opening arguments, (3) trial counsel's failure to disclose a potential conflict of interest, (4) trial counsel's failure to request a cautionary instruction, (5) trial counsel's failure to object to irrelevant information in a search warrant, (6) appellate counsel's failure to raise an issue of judicial error related to the testimony of Mr. Wirth, and (7) trial counsel's failure to properly investigate and call Kia Miller as a witness—and affirmed the denial of Coker's petition in its entirety. *See generally Coker,* 2017 WL 3172558.

On January 31, 2018, the Pennsylvania Supreme Court denied allowance of appeal. *See*

*Commonwealth v. Coker*, 180 A.3d 1211 (Pa. 2018) (table).

## B.     The instant habeas petition

On August 9, 2018, Coker filed the instant habeas petition. *See* Hab. Pet. [ECF No. 2].

His petition lists the following two claims for relief: (1) "[the trial court] violated Petitioner's

constitutional right to have counsel present when [trial counsel] gave [a] reiterative instruction to

jury w/o counsel present;" and (2) "[the trial court] illegally sentenced Petitioner to an enhanced

sentence for gun charges based on incorrect information." *Id.* at 5, 7.[6]

To his petition, Coker also  attached the brief his second PCRA counsel attached to his

amended PCRA petition, which asserts the following arguments:[7]  (1) "trial counsel was

ineffective for failing to object to prosecutorial misconduct during the Commonwealth's

opening;"[8] (2) "trial counsel was ineffective when he failed to object to the prosecutor's

misconduct in opening statement where the prosecutor pandered to the jury by announcing that

the victim would not be taking the stand and, moreover, trampled upon the defendant's

constitutional right to refrain from testifying when she [sic] referred to the defendant's

anticipated silence;" (3) "trial counsel was ineffective for having failed to notify the defendant

that he had a potential conflict of interest and further failing to withdraw from the

representation;" (4) "the defendant should be awarded a new trial as the result of ineffectiveness

of trial counsel when counsel failed to properly object; failed to move for a proper cautionary

---

[6]     The Court cites to the page number of the document as it appears on the ECF "ribbon" at the top of each page.

[7]     These are the seven arguments that were addressed by the Superior Court in its July 26, 2017 decision affirming the dismissal of Coker's PCRA petition. *See generally Coker*, 2017 WL 3172558.

[8]     These quotations are capitalized in the attached brief; for readability, the Court has capitalized only the appropriate words.

instruction and failed to move for a mistrial, when Commonwealth's witness Wirth testified that the defendant was 'known in the area;'" (5) trial counsel was ineffective when he failed to object to irrelevant information about a search and seizure warrant and the defendant must be awarded a new trial;" (6) appellate counsel was ineffective when he failed to raise the issue of judicial error surrounding certain testimony and the appearance of Mr. Wirth;" and (7) trial counsel was ineffective for having failed to properly investigate witness Kia Miller and to call her to the stand as her testimony is in good faith believed to have been exculpatory for the defendant." *Id*. at 10-18.

Coker has also attached to his petition his response to the PCRA court's Rule 907 notice. This attachment asserts the following arguments, which the Court lists here notwithstanding that some are duplicative or non-cognizable: (1) trial counsel was ineffective "for failing to obtain exculpatory testimony from Dr. Susan Williams the medical examiner that did the actual autopsy of the deceased;" (2) trial counsel was ineffective "for failing to adequately investigate Ms. Kia Miller, [who] would have provided exculpatory testimony supporting Mr. Coker's claim that he acted in self defense;" (3) trial counsel was ineffective "for entering into an agreement to stipulate the [sic] deceased's criminal history;" (4) appellate counsel was ineffective "for failing to investigate the background of Commonwealth witness, James Wirth;" (5) appellate counsel was ineffective "for failing to obtain an affidavit from Ms. Kia Miller who was an eyewitness to the crime;" (6) Coker "was prejudiced by the Commonwealth's introduction of false testimony at trial through the state's witness Dr. Chamara;" (7) Coker's right to confront witnesses was violated in several ways related to Dr. Chamara's testimony; (8) the Commonwealth "withheld vital document [sic] that would have allowed the defendant to properly challenge Dr. Chamara's testimony about the hospital report;" (9) Coker "was denied his right to confront his accuser

through cross-examination because the accuser became illusory when an inadmissible hospital report was offered into evidence without its author being present;" (10) "a violation of Due Process" occurred "wherein [the] trial court amended the criminal information at trial to include the charge of voluntary manslaughter" which was not requested by defense counsel;[9] and (11) the trial court "violated the double jeopardy protections . . . when imposing consecutive terms of probation in addition to the sentence(s) imposed in this matter."[10]  Hab. Pet. at 25-39.

### C.    The report and recommendation

In the R&R, Magistrate Judge Hey organized and distilled Coker's myriad claimed bases for relief into the following seventeen distinct claims:

1.    The trial court violated Coker's right to have counsel present when the trial court gave a reiterative instruction to the jury without counsel present,

2.    The trial court illegally sentenced Coker to an enhanced sentence for a gun charge based on incorrect information,

3.    Ineffective assistance of trial counsel for failing to object to prosecutorial misconduct during the Commonwealth's opening (involving references to race),

4.    Ineffective assistance of trial counsel for failing to object to prosecutorial misconduct during the Commonwealth's opening (involving reference to the victim not taking the stand and Coker's anticipated silence),

5.    Ineffective assistance of trial counsel for failing to notify Coker of a potential conflict of interest and failing to withdraw,

---

[9]    This claim is titled "Claim 13—Amended claim."  Coker's response to the Rule 907 notice as attached to the habeas petition appears to be missing pages 13-18, on which would have appeared claims ten, eleven, and twelve.  For ease of understanding, the Court numbers the claims that do appear in the document consecutively, such that "Claim 13" in the document is claim number ten in this list.

[10]    This claim is titled "Claim 14—Amended claim."  Additionally, at the bottom of the last page of the document, there appears the beginning of what Coker has labeled "Claim 15—Amended claim," however only this title and two lines of text appear.  The Court is therefore unable to determine what was contained in this claim, or if there are additional claims beyond "Claim 15."

6.      Ineffective assistance of trial counsel for failing to object, request a cautionary instruction, and move for a mistrial when Commonwealth witness James Wirth testified that Coker was known in the area,

7.      Ineffective assistance of trial counsel for failing to object to irrelevant information regarding a search and seizure warrant,

8.      Ineffective assistance of appellate counsel for failing to present an issue regarding certain testimony and the appearance of Commonwealth witness Mr. Wirth,

9.      Ineffective assistance of trial counsel for failing to investigate witness Kia Miller and call her to the stand,

10.     Ineffective assistance of trial counsel for failing to obtain exculpatory testimony from Dr. Williams, the medical examiner who performed the victim's autopsy,

11.     PCRA counsel was ineffective for failing to obtain a statement from Ms. Miller,

12.     Ineffective assistance of trial counsel for stipulating to the deceased's criminal history and failing to pursue a form of alibi defense,

13.     Dr. Chamara's testimony violated Coker's right to confront the witnesses against him because he was not the author of the autopsy report and his testimony was misleading,

14.     Dr. Chamara's testimony violated Coker's right to confront the witnesses against him because he was not the author of either the surgical or autopsy report and Coker could not question him about discrepancies between the two reports,

15.     Dr. Chamara's testimony violated Coker's right to confront the witnesses against him because he was not the author of the surgical report,

16.     Coker's due process rights were violated when the trial court added voluntary manslaughter to the jury instructions when neither attorney requested such a jury charge, and

17.     The probationary sentence following the prison term constitutes double jeopardy.

R&R [ECF No. 11] at 8-9. Judge Hey states that claims one and two in this reorganized list are

the two claims contained in Coker's habeas petition, claims three through nine are the claims

contained in Coker's appellate brief attached to the petition, and claims ten through seventeen are the non-duplicate claims contained in Coker's Rule 907 response. *See id.* at 7.

Addressing the above claims in non-chronological order, Judge Hey found that Coker's second claim, for illegal sentence enhancement, is unexhausted because it was never presented to the state court, and moreover, procedurally defaulted. *See* R&R at 17-18. Judge Hey moreover observes that *Martinez v. Ryan*, 566 U.S. 1 (2012) only excuses procedural defaults of ineffective assistance of trial counsel claims, and as such does nothing to excuse the default of this claim. *See id.* at 18. Accordingly, the R&R recommends that habeas relief be denied as to Coker's second habeas claim. *See id.*

Judge Hey found claims thirteen through seventeen—relating to Dr. Chamara's testimony, the voluntary manslaughter jury instruction, and the probation component of his sentence—to be similarly unexhausted and procedurally defaulted. *See* R&R at 18-20. The R&R observes that claims thirteen, fourteen, and fifteen, despite being included in Coker's *pro se* PCRA petition, were not included in the counseled amended PCRA petition, and were therefore never presented to the state court. *See id*. at 18-19. Claims sixteen and seventeen were similarly omitted from Coker's amended PCRA petition, despite being included in his response to the court's Rule 907 notice. *See id* at. 19. Because these claims are procedurally defaulted, and in light of the fact that *Martinez*, which is applicable only to claims of ineffective assistance of trial counsel, does not excuse the default of these five claims, the R&R recommends habeas relief be denied. *See id.* at 20.

The R&R next addresses claims ten and twelve, for ineffective assistance of trial counsel based on counsel's alleged failure to obtain exculpatory evidence from the medical examiner and stipulating to the decedent-victim's criminal history. Judge Hey noted that while these claims

were unexhausted and procedurally defaulted, *Martinez* might apply to excuse the defaults. *See* R&R at 21. However, the R&R ultimately concludes that these claims of ineffective assistance are without merit, and therefore Coker cannot rely on *Martinez* to excuse the defaults. *See id.* at 22-27.

Judge Hey found that habeas claims one and three through nine were properly exhausted and are appropriate for a merits review.

Coker's first claim as identified by Judge Hey alleges a violation of his right to counsel by the trial court when it gave the jury a reiterative instruction outside the presence of counsel. *See* R&R at 29. The R&R concludes that the Superior Court's decision as to this claim—that because the instruction "conveyed nothing more than to resume deliberation with the aid of the exhibits already provided by all counsel, it was not tantamount to an instruction of law and thus did not represent a critical stage of the trial"—was not contrary to or an unreasonable application of federal law, and did not involve an unreasonable determination of the facts. *Id*. at 28; *see id*. at 29. As such, the R&R recommends habeas relief be denied as to this claim. *See id*. at 29.

Coker's third habeas claim as identified by Judge Hey alleges ineffective assistance of trial counsel for failing to object to the prosecution's remarks during opening arguments characterizing the victim as a "young black man." R&R at 31. Judge Hey found that "in light of the trial transcript" and "uncontested evidence," "the Superior Court reasonably concluded that the prosecutor's references to the race of the victim did not inflame the jury and accordingly did not infect the trial with unfairness." *Id*. at 32. The R&R concludes that the Superior Court's determination that trial counsel cannot be considered ineffective accordingly was not contrary to or an unreasonable application of federal law, or an unreasonable factual determination, and as such does not give rise to habeas relief. *See id.*

Coker's fourth habeas claim as identified by Judge Hey alleges ineffective assistance of trial counsel for failing to object to the prosecution's remarks during opening argument regarding the victim not testifying, which Coker contends infringed upon his right to remain silent "by implying that Coker would be testifying." R&R at 32. Judge Hey concluded that "here, where the prosecutor referred to the <u>victim</u> not taking the stand" as opposed to Coker, "the Superior Court reasonably found that the prosecutor's reference was not a comment on Coker's silence," and "can reasonably be considered oratorical flair." *Id* at 33 (emphasis in original). Accordingly, the R&R concludes that the Superior Court's determination that failing to object to these remarks did not give rise to a claim of ineffective assistance of counsel was not an application of or contrary to federal law, or an unreasonable factual determination, and as such recommends that habeas relief be denied. *See id.*

Coker's fifth habeas claim as identified by Judge Hey alleges ineffective assistance of trial counsel for failure to notify Coker of a potential conflict of interest and failure to withdraw from the case. *See* R&R at 33. Specifically, Coker's trial counsel had previously represented the daughter of one of the Commonwealth's witnesses in an unrelated incident in the same neighborhood. *See id.* at 34. Judge Hey found that the Superior Court's rejection of this claim, because counsel "did not represent competing interests," was not contrary to or an unreasonable application of federal law and did not constitute an unreasonable factual determination. *Id*. at 35. As such, the R&R recommends habeas relief as to this claim be denied. *See id.* at 35-36.

Coker's sixth habeas claim as identified by Judge Hey alleges ineffective assistance of trial counsel for failing to request a proper cautionary instruction and/or move for a mistrial when Commonwealth witness James Wirth stated that Coker was "known in the area." R&R at 36. Construing the claim as one impermissibly permitting evidence of prior bad acts, the

Superior Court found that there was no evidence in the record that Wirth testified as to any prior actions on behalf of Coker, as he did not mention any crimes, wrongs, or acts, and therefore failure to request a cautionary instruction or to move for a mistrial did not constitute ineffective assistance. *See id.* at 37. Judge Hey concluded that "[a]t its core, Coker's claim is one of state evidentiary law and the admission of evidence. The state courts determined that the trial court's actions, striking the testimony and instructing the jury to disregard the statement, was sufficient to address the remark. Such state evidentiary rulings are beyond habeas review absent a violation of due process." *Id*. at 38. The R&R concludes that Coker cannot show that the circumstances surrounding Mr. Wirth's testimony denied him a fair trial, and as such the Superior Court's determination does not give rise to habeas relief. *See id.*

Coker's seventh habeas claim as identified by Judge Hey alleges ineffective assistance of trial counsel for failing to object when a detective testified that a judicial authority issued a search and seizure warrant upon a showing of probable cause. *See* R&R at 38. Detective Richard Flynn, the detective assigned to the investigation, testified at trial as to what a search warrant is, and the requirement that probable cause exist in order for one to issue. *See id.* at 39. The Superior Court rejected Coker's claim that whether or not a judicial authority has found probable cause is irrelevant to the issue of guilt at trial, concluding that Coker was not prejudiced by Detective Flynn's testimony. *See id.* In her R&R, Judge Hey concludes that the Superior Court's determination "was consistent with Strickland and a reasonable determination of the facts. . . . Coker admitted that he had a gun, that the gun fell to the ground when Mr. Morgan was beating him up on the street, and that he grabbed the gun and fired it an unknown amount of times." *Id*. at 40. Accordingly, "the fact that an issuing authority found probable cause to search for the gun in Coker's house is immaterial," and Judge Hey found that he cannot show that

failure to object prejudiced him.  *Id.*  As such, the R&R recommends habeas relief be denied as to this claim.  *See id.*

Coker's eighth habeas claim as identified by Judge Hey alleges that direct appellate counsel was ineffective for failing to challenge the trial court's decision to allow a Commonwealth witness to testify that Mr. Wirth was arrested after he left the courtroom.  *See* R&R at 40.  The Superior Court agreed with the PCRA court that evidence of Wirth's arrest after testifying "was highly relevant to corroborate an important part of Wirth's testimony"— specifically, that he was not receiving favorable treatment in exchange for his testimony.  *Id*. at 41-42.  Judge Hey concluded that the admissibility of the at-issue evidence was "a finding beyond the scope of habeas review," and as such recommends that habeas relief be denied as to this claim.  *Id*. at 42.

Coker's ninth habeas claim as identified by Judge Hey alleges ineffective assistance of trial counsel for failing to investigate proposed defense witness Kia Miller and failure to call her to testify.  *See* R&R at 42.  The Superior Court rejected this claim on the grounds that Coker only established the identity of the potential witness, and admits that he "does not have any information pertaining to Kia Miller."  *Id.* at 43.  Judge Hey concluded that the Superior Court's determination is consistent with federal law:  Coker's failure to put forward facts that support his contention that Ms. Miller was available to testify, and would have given exculpatory testimony, precludes his ineffective assistance claim.  *See id*. at 44.  Accordingly, the R&R recommends habeas relief be denied as to this claim.  *See id.*

Finally, as to habeas claim eleven, which Judge Hey identifies as a claim of ineffective assistance of PCRA counsel, the R&R concludes that because there is no constitutional right to counsel to collaterally attack a conviction, such a claim is not cognizable in a habeas petition.

*See* R&R at 16.  Accordingly, the R&R recommends that habeas relief be denied as to this claim. *See id.*

### D.    Coker's objections

In his timely filed objections, before addressing the R&R's findings with respect to his individual habeas claims, Coker first argues that PCRA counsel was ineffective for failing to raise several of his PCRA claims in the amended, counseled PCRA petition.  *See* Coker's Objections ("Obj.") [ECF No. 16] at 11-13.  It is unclear exactly what portion of the R&R that Coker is attempting to address here.

Coker's specifically identified objections indicate that he objects to the R&R's findings and recommendations with respect to claims six, nine, ten, and thirteen through fifteen of his habeas petition.

As to claim six, Coker argues that "the conduct of ADA Feeney and Det. Mcdermott [sic] was prejudicial when they came into contact with James Wirth there [sic] alleged eyewitness. . . . ADA Feeney and Det. Mcdermott [sic] obstructed justice and committed prosecutor misconduct and violated Coker's right to a fair trial."  Obj. at 19.  Coker alleges that the prosecution "had some type of deal with Judge Chiovero in regard to Mr. Wirth."  *Id.*  According to Coker, "an agreement or deal for leniency was reach[ed] because Mr. Wirth was facing a mandatory ten years in prison for failure to register under the Meghen's [sic] law, and additional time for violation of probation in sexual assault case."  *Id.*  Coker further asks that the Court "review James Wirth sentencing transcripts . . . to see if Mr. Wirth was given a deal or any kind of leniency for testimony against Coker."  *Id.*

As to claim nine, Coker appears to first argue that he cannot be responsible for providing facts to support his assertion that Ms. Miller was able to and would have provided exculpatory

testimony because he "does not know the content on what Ms. Miller can testify to because he never spoke to her." Obj. at 20. Rather, Coker states, "Ms. Miller spoke to [his] family after the incident," specifically, his mother, an affidavit from whom he attaches to his objections. *Id.* The second part of his argument with respect to claim nine, is that "[t]rial counsel was ineffective because he failed to conduct any pre-trial investigation or try to contact any potential witness." *Id*. at 21. Coker contends that "[s]ince it takes alot [sic] to prove justifiable / self-defense, it was trial counsel duty [sic] to investigate strategies choices [sic] made after thorough investigation of law and facts to put forth the best defense," and counsel's failure "to locate interview or present witnesses supportive of the defense" constituted ineffective assistance. *Id.*

As to claim ten, Coker argues that trial counsel's questioning of Dr. Chamara did not satisfy Coker's right to confront witnesses against him, and also contends that trial counsel's failure to call Dr. Williams, the medical examiner who actually performed the autopsy of the decedent, constituted ineffective assistance. *See* Obj. at 17-18. On this second point, Coker states that "[t]rial counsel is provided with a copy of the witness list before the start of trial, once he did not see Dr. Williams name on the witness list all [he] had to [do] is use the court's subpoena system, and [he] would have known if Dr. Williams was available to testify." *Id*. at 18. Counsel's failure in this regard, according to Coker, prejudiced him, because Dr. Williams would have given exculpatory testimony, and, additionally, he was never able to cross examine Dr. Williams about the findings in her reports. *See id.*

As to claims thirteen, fourteen, and fifteen, which concern Dr. Chamara's testimony and alleged Confrontation Clause issues, Coker argues that Dr. Chamara did not have the knowledge, qualifications, or experience in surgical procedures to properly testify as an expert, and the

introduction of the lab report without the ability to question its creator, Dr. Williams (as opposed to Dr. Chamara) violated Coker's right to confront the witnesses against him. *See* Obj. at 13-16.

## III. LEGAL STANDARDS AND APPLICABLE LAW

### A. Contested reports and recommendations—general principles

When timely objections to a magistrate judge's report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a *de novo* review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Where objections are general rather than specific, *de novo* review is not required. *Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Uncontested portions of a report and recommendation, as well portions to which untimely or general objections are made, may be reviewed under a standard determined by the district court; however, at the very least, these portions should be reviewed for "clear error or manifest injustice." *Colon-Montanez v. Delbalso*, No. 3:15-CV-02442, 2016 WL 3654504, at *1 (M.D. Pa. July 8, 2016); *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) ("[A] district court should 'afford some level of review to dispositive legal issues raised by the report[.]' We have described this level of review as 'reasoned consideration.'" (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987))). A district court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in a report, 28 U.S.C. § 636(b)(1)(C), and "[is] not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016).

## B.      Habeas corpus petitions under 28 U.S.C. § 2254—general principles

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011).  Under 28 U.S.C. § 2254, which  governs petitions for a writ of habeas corpus on behalf of state court prisoners, habeas relief is available to a petitioner only where a state court's determination of the merits of his claims resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." [11]  28 U.S.C. § 2254(d)(1)-(2).  Section 2254 mandates that federal courts "presume" the correctness of state court factual determinations with respect to issues presented in a habeas petition.  28 U.S.C. § 2254(e)(1).  The statute also states that a habeas petitioner "shall have the burden of rebutting [this] presumption of correctness by clear and convincing evidence." *Id*.; *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008) ("[A] federal habeas court must afford a state court's factual findings a presumption of correctness and that [ ] presumption applies to the factual determinations of state trial and appellate courts.");[12] *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable.").

---

[11]      Section 2254 was modified by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), one purpose of which was "to reduce delays in the execution of state and federal criminal sentences."  *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).  In particular, Congress adopted an amended 28 U.S.C. § 2254(d), governing petitions for writs of habeas corpus where a petitioner's claims were previously "adjudicated on the merits in State court proceedings."  28 U.S.C. § 2254(d); *Woodford*, 538 U.S. at 206.

[12]      "[T]he § 2254(e)(1) presumption of [factual] correctness applies regardless of whether there has been an 'adjudication on the merits' for purposes of § 2254(d)." *Nara v. Frank*, 488 F.3d 187, 200-01 (3d Cir. 2007).

In the end, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[13] *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Harrington*, 562 U.S. at 101); *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (explaining that § 2254 "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt").

### C.     Exhaustion and procedural default—general principles

Because of the deference owed to state courts under § 2254, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1) (explaining that a petition for a writ of habeas corpus "shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State").[14] Similar to the requirement of "exhaustion," where a state court has denied a petitioner's claim for collateral relief based on an adequate and independent state procedural rule, the claim is considered "procedurally defaulted," and may not be reviewed by a federal court. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. This is an important 'corollary' to the exhaustion

---

[13]     The heightened level of deference in § 2254(d) is not applicable to a state court's determination as to whether a petitioner waived his right to review, because, in such a situation, there has not been an adjudication on the merits of any "claim." *Id*. at 180.

[14]     A petitioner can overcome the requirement of exhaustion if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

requirement.") (citations omitted);[15] *see Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)

(explaining that "[j]ust as in those cases in which a state prisoner fails to exhaust state remedies,

a habeas petitioner who has failed to meet the State's procedural requirements for presenting his

federal claims has deprived the state courts of an opportunity to address" the merits of "those

claims in the first instance").

      While failure to exhaust claims usually requires a district court to dismiss a habeas

petition without prejudice so that a petitioner can return to state court to exhaust his claims,

where state law forecloses review of unexhausted claims—as happens when the PCRA statute of

limitations has run—the claims are considered procedurally defaulted. *See Lines v. Larkins*, 208

F.3d 153, 160 (3d Cir. 2000). However, "[a] state prisoner may overcome the prohibition on

reviewing procedurally defaulted claims if he can show 'cause' to excuse his failure to comply

with the state procedural rule and 'actual prejudice resulting from the alleged constitutional

violation.'" *Davila*, 137 S. Ct. at 2064-65 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84

(1977)). To establish "cause," a petitioner must "show that some objective factor external to the

defense impeded counsel's efforts to comply with the State's procedural rule." *Davila*, 137 S. Ct.

at 2065 (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). A factor is "external" only if it

cannot be attributed to the petitioner. *Coleman*, 501 U.S. at 753.

      In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that

"[n]egligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.' That

is so . . . because the attorney is the prisoner's agent, and under 'well-settled principles of agency

law,' the principal bears the risk of negligent conduct on the part of his agent." *Maples v.*

---

[15]    "The procedural default doctrine [ ] advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Id*. at 2064 (citing *McCleskey v. Zant,* 499 U.S. 467, 493 (1991)).

*Thomas*, 565 U.S. 266, 280-81 (2012) (quoting *Coleman*, 501 U.S. at 753-54).  In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court recognized the following narrow exception to this rule:  "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  *Id*. at 17.  The Court made clear that its holding in *Martinez* "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons."  *Id*. at 16.

### D.    Ineffective assistance of counsel—general principles

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth the standard applicable to claims of ineffective assistance of counsel.  "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense."  *Id*. at 687.  To establish the first factor— deficiency—a "'defendant must show that counsel's representation fell below an objective standard of reasonableness' 'under prevailing professional norms.'"  *Elias v. Superintendent Fayette SCI*, 774 F. App'x 745, 750 (3d Cir. 2019) (quoting *Strickland*, 466 U.S. at 688), *cert. denied sub nom. Elias v. Capozza*, 140 S. Ct. 437, 205 L. Ed. 2d 261 (2019).  To establish the second factor—prejudice—"the defendant must show that prejudice resulted, such 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Elias*, 774 F. App'x at 750 (quoting *Strickland*, 466 U.S. at 694). Importantly, "[j]udicial scrutiny of a counsel's performance must be highly deferential," and

"every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. There is, moreover, a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard," because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *see Bell v. Cone*, 535 U.S. 685, 6994 (2002).

## IV.   DISCUSSION

### A.   Ineffective assistance of PCRA counsel is not a cognizable habeas claim.

The Court will address Coker's arguments with respect to his objections to habeas claims six, nine, ten, thirteen, fourteen, and fifteen, however it must first address Coker's contention that PCRA counsel was ineffective for failing to raise his PCRA claims in the amended, counseled PCRA petition. *See* Obj. at 11-13. This objection is styled as a general objection before Coker directs his objections to particular claims. *See id*. While Coker does not appear to explicitly reference the R&R's findings with respect to what Judge Hey has identified as habeas claim eleven, it is in this portion of the R&R where Judge Hey correctly states that ineffectiveness of state post-conviction counsel is not a cognizable habeas claim. *See* R&R at 16; *Coleman v. Thompson*, 501 U.S. 722, 755 (1991) ("[T]here is no right to counsel in state collateral proceedings."); *Taylor v. Pennsylvania*, No. CIV A 09-CV-00313, 2009 WL 1956218, at *3 (E.D. Pa. June 30, 2009) ("There is no federal constitutional right to PCRA counsel . . . ."). Although the basis for Coker's argument on this point is less than clear,[16] as is whether it was

---

[16]   This portion of his objections is difficult to decipher, and while it is clear that Coker is attempting to argue ineffective assistance of PCRA counsel here, *see* Obj. at 12, he also argues that violations of his right to confront witnesses prejudiced him sufficiently to overcome what he

21
041020

something he asserted it in his habeas petition in the first instance,[17] any argument based upon ineffective assistance of PCRA counsel is clearly without merit, and this objection is overruled.

**B.    Coker's objections as to habeas claim six are without merit.**

Judge Hey found that the Superior Court's determination relevant to claim six—that failure to request a cautionary instruction regarding Mr. Wirth's statement that Coker was "known in the area" did not constitute ineffective assistance of counsel—was a state law evidentiary determination that could not be reviewed by way of a habeas petition.  *See* R&R at 36-38.  Coker objects to this determination by asserting that the prosecution, the police, the trial court, and Mr. Wirth were all part of an improper agreement under which Mr. Wirth would give inaccurate testimony against Coker in return for favorable treatment regarding his own criminal case.  *See* Obj. at 19.

The allegations put forward in Coker's objections to the R&R as to claim six were never raised in his habeas petition.  *See* Hab. Pet. at 13-15 (discussing trial counsel's ineffectiveness in failing to seek a cautionary instruction based on the alleged prejudicial nature of Mr. Wirth's testimony).  Additionally, they do not even attempt to address what is legally incorrect with

---

sees as the procedural default of his ineffective assistance of PCRA counsel claims, *see id.* at 12-13.  Judge Hey did not  find that his ineffective assistance of PCRA counsel claim was procedurally defaulted; rather, she correctly found that no such claim is cognizable in a habeas petition.  Additionally, Coker's reference to ineffective assistance of PCRA counsel in the petition is based on an alleged failure to investigate and call as a witness Ms. Kia Miller, *see* Hab. Pet. at 23, not alleged violations of Coker's rights under the Confrontation Clause.

[17]    Judge Hey references pages 27 and 28 of the Coker's habeas petition as the basis for her characterization of claim eleven as ineffective assistance of PCRA counsel.  *See* R&R at 16.  However, this portion of the petition (which is "claim 2" of Coker's response to the Rule 907 notice), appears to be a claim for ineffective assistance of *trial* counsel for failure to adequately investigate Ms. Kia Miller, rather than PCRA counsel.  *See* Hab. Pet. at 27.  However, the R&R also references page 23 of the petition, *see* R&R at 16, and here, Coker does state that "Mr. Rudenstein [PCRA counsel] . . . is still ineffective like trial counsel."  Hab. Pet. at 23.

Judge Hey's findings as to this claim.[18]  Coker's attempt to raise entirely new arguments and his failure to squarely respond to the R&R are each independent bases for plain error review of the R&R.  *See Adkins v. Wetzel*, No. 13-3652, 2014 WL 4088482, at *3 (E.D. Pa. Aug. 18, 2014) ("[N]ew issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." (citing E.D. Pa. Loc. R. Civ. P. 72. 1.IV(c))); *Kightlinger v. Pennsylvania*, No. CIV.A. 11-936, 2013 WL 4504382, at *2 (W.D. Pa. Aug. 22, 2013) (explaining that consideration of issues raised for the first time in an objection to a report and recommendation "would reduce the proceedings before the magistrate[ ] Judge to a mere dress rehearsal, which is contrary to the very reason for having magistrate judges"); *Kennedy v. Borough of Minersville Pennsylvania*, No. 3:19-CV-0124, 2019 WL 4316218, at *1 (M.D. Pa. Sept. 11, 2019) ("Plaintiff's objections are not specific.  In particular, Plaintiff does not take issue with the substance of any of the Magistrate Judge's conclusions and/or recommendations. As such, the Report and Recommendation is reviewed for clear error, and finding none, it will be adopted."); *Guzman v. Rozum*, No. CV 13-7083, 2017 WL 1344391, at *9 (E.D. Pa. Apr. 12, 2017) (explaining that "federal district courts are not required to engage in *de novo* review of objections to a Magistrate's R&R that lack specificity").

Finding no plain error in Judge Hey's thoughtful findings and recommendations as to habeas claim six,[19] the Court overrules Coker's objections with respect to this claim.

---

[18]     Moreover, Coker's assertions in his objections to claim six are, on their face, purely speculative.

[19]     The Court agrees with Judge Hey's finding that the Superior Court's determination, which was in essence a determination of state evidence law, is beyond habeas review.  *See Johnson v. Folino*, 735 F. Supp. 2d 225, 246 (E.D. Pa. 2010) ("Petitioner cannot use the instant habeas petition to challenge the Pennsylvania state courts interpretation of the Pennsylvania Rules of Evidence. . . . Therefore, to the extent that Petitioner asserts that the Pennsylvania courts incorrectly admitted these statements as extra-judicial admissions under the Pennsylvania Rules of Evidence, such a claim is barred from federal habeas review."); *Roulhac v. Lawler,* No.

**C.    Coker's objections as to habeas claim nine are without merit.**

Judge Hey found that Coker's ninth habeas claim—that trial counsel was ineffective for failing to investigate and call as a witness Kia Miller—was meritless, because, as the Superior Court observed, Coker offered no evidence in support of his assertion that Ms. Miller was available to testify and would in fact provide exculpatory evidence. *See* R&R at 43. Coker objects to Judge Hey's findings by arguing that (1) he cannot be responsible for providing facts to support his assertion that Ms. Miller was able to and would have provided exculpatory testimony because he "does not know the content on what Ms. Miller can testify to because he never spoke to her," and rather his mother did, Obj. at 20-21; and (2) trial counsel's failure to locate and interview Ms. Miller constituted ineffective assistance of counsel, especially in light of the fact that James Wirth was the only eye witness to the crime to testify, *see id.* at 21.

Coker's arguments are without merit. First, the affidavit of Coker's mother attached to his objections is dated October 17, 2019, *see* Obj. at 30, and was not submitted with either his PCRA petition or his habeas petition. As such the Court cannot consider it.[20] *See Adkins*, 2014 WL 4088482, at *3. As to the second and related argument with respect to claim six, Coker simply reasserts his general contention that his trial counsel's failure to investigate and call Ms. Miller was a dereliction of his duty to investigate and present an adequate defense. As an

---

08–5124, 2009 WL 5910245, at *5 (E.D.Pa. Oct. 29, 2009) (holding that a challenge of the trial's court evidentiary ruling under the Pennsylvania Rules of Evidence is not cognizable on federal habeas review). Therefore, even under de novo review, the R&R's conclusions and recommendation with respect to this claim would be adopted.

[20]    While the Court cannot consider the affidavit because it was not filed with the habeas petition, because it was also not filed with Coker's PCRA petition, the issue of whether it would have satisfied Coker's obligation to provide "proof of [a] witness's availability to testify, as well as an adequate assertion that the substance of the purported testimony would make a difference in the case," *Commonwealth v. Coker*, No. 2397 EDA 2016, 2017 WL 3172558, at *7 (Pa. Super. Ct. July 26, 2017), is unexhausted and procedurally defaulted.

objection premised on new arguments or facts warrants only plain error review, so does an objection which simply reasserts arguments raised in the underlying motion or pleading. *See Florez-Montano v. Scism*, No. 3:10-CV-2404, 2011 WL 837764, at *3 (M.D. Pa. Mar. 4, 2011) (reviewing a report and recommendation for clear error where, "[i]n his objections, Petitioner raises the same arguments as set forth in his § 2241 petition"), *aff'd*, 453 F. App'x 145 (3d Cir. 2011); *see also Kennedy*, 2019 WL 4316218, at *1 ("Plaintiff's objections are not specific. In particular, Plaintiff does not take issue with the substance of any of the Magistrate Judge's conclusions and/or recommendations. As such, the Report and Recommendation is reviewed for clear error, and finding none, it will be adopted.").

The Court finds no plain error with the R&R as to claim nine and agrees with Judge Hey that "Coker's bare assertion that Ms. Miller would have testified on his behalf does not entitle him to habeas relief." R&R at 44. His objections as to claim six are overruled accordingly.

### D.     Coker's objections as to habeas claim ten are without merit.

With respect to habeas claim ten—ineffective assistance of trial counsel for failing to obtain exculpatory testimony from the medical examiner, Dr. Williams—Judge Hey determined that this claim was procedurally defaulted because it was never presented to the state courts. *See* R&R at 21. Judge Hey moreover determined that trial counsel effectively used the autopsy report to undermine Dr. Chamara's testimony, and Coker's ineffective assistance of counsel claim was therefore not "substantial" under *Martinez*—*i.e.*, it was meritless because Coker could not satisfy the "prejudice" element of *Strickland*. *See id.* at 23-25. Accordingly, Judge Hey found the procedural default of claim ten cannot be excused. *See id.* at 25. In objecting to this portion of the R&R, Coker contends that (1) trial counsel's questioning of Dr. Chamara based on the autopsy report did not satisfy Coker's right to confront witnesses against him, and (2)

counsel's failure to call Dr. Williams, which Coker states could have easily been effected through a trial subpoena, constituted ineffective assistance. *See* Obj. at 17-18.

Most of Coker's first argument in his objections to claim ten, as well as portions of his second argument, allege violations of his rights under the Confrontation Clause. This argument was not raised in his habeas petition, and as such it is improper. *See Adkins*, 2014 WL 4088482, at *3. As to Coker's argument that trial counsel should have subpoenaed Dr. Williams, who authored the autopsy report, and that failure to do so constituted ineffective assistance, this is simply a re-hashing of the argument made in his habeas petition. Indeed, in certain places, the language is identical. *Compare* Ha. Pet. at 26 ("Dr. Susan Williams is the actual declarant of the report who should have been automatically the number 2 option because she author . . . .") *with* Obj. at 18 ("Dr. Williams is the actual declarant of the report . . . [q]ualifying her automatically as the number 2 option."); *see Florez-Montano*, 2011 WL 837764, at *3. Similarly, Coker's objections fail to engage with the R&R and explain why Judge Hey's analysis and conclusion—that trial counsel effectively undermined Dr. Chamara's testimony—is incorrect. *See Kennedy*, 2019 WL 4316218, at *1. For these reasons, the R&R as to habeas claim ten receives plain error review. Finding none, the Court overrules Coker's objections as to claim ten.[21]

---

[21]     Additionally, Coker's objections state that "Dr. Williams where abouts [sic] was 'known' at the time of Coker's trial, and her where about [sic] still is 'unknown' up until this today [sic]." Obj. at 18. As the Superior Court stated in its decision on Coker's PCRA petition in regard to Kia Miller, "[w]here a[n appellant] claims that counsel was ineffective for failing to call a particular witness, we require proof of that witness's availability to testify, as well as an adequate assertion that the substance of the purported testimony would make a difference in the case." *Coker*, 2017 WL 3172558, at *7 (quoting *Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013)). Therefore, Coker's concession that he did not know where Dr. Williams was during the trial necessary defeats his ineffective assistance claim based on a failure to call her as a witness.

**E.** **Coker's objections as to habeas claims thirteen, fourteen, and fifteen are without merit.**

As to habeas claims thirteen, fourteen, and fifteen, which allege that Dr. Chamara's testimony violated Coker's right to confront witnesses against him because Dr. Chamara did not author either the surgical or autopsy reports, Judge Hey concluded that each of these claims was unexhausted and procedurally defaulted. *See* R&R at 18-19. Judge Hey moreover concluded that these claims could not be saved by *Martinez*, which applies only to claims of ineffective assistance of trial counsel. *See id.* at 20. In objecting to these claims, Coker argues the merits of his Confrontation Clause claims, and nowhere addresses Judge Hey's conclusion that these claims are each procedurally defaulted. *See* Obj. at 13-16.

Because Coker's objections do not address Judge Hey's conclusion that claims thirteen, fourteen, and fifteen are procedurally defaulted, and, moreover, cannot be saved by the exception provided for in *Martinez*, the Court reviews the R&R as to these claims for plain error. *See Kennedy*, 2019 WL 4316218, at *1; *Guzman*, 2017 WL 1344391, at *9. Finding none, the Court agrees with Judge Hey that these claims, having never been presented to a state court,[22] are unexhausted and moreover procedurally defaulted. As such, Coker's objections as to habeas claims thirteen, fourteen, and fifteen, are overruled.

**F.** **The remainder of the R&R is approved and adopted.**

The Court has reviewed the portions of the R&R to which Coker has raised no objections for plain error. *See Colon-Montanez v. Delbalso*, No. 3:15-CV-02442, 2016 WL 3654504, at *1

---

[22] Coker's claims as to Dr. Chamara were abandoned by Coker's second PCRA counsel when counsel filed Coker's amended PCRA petition. The amended PCRA petition raised seven claims, none of which were claims for violation of Coker's Confrontation Clause rights related to the testimony of Dr. Chamara. *See* Hab. Pet. at 10-21.

(M.D. Pa. July 8, 2016). Finding none, the Court approves and adopts the R&R as to the remainder of the habeas claims Coker attempts to assert.

### G. There is no basis for the issuance of a certificate of appealability.

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (quoting 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the denial of a habeas petition is based on procedural grounds and the Court does not reach the underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons discussed at length herein and in the R&R, it is not the case that reasonable jurists would disagree that Coker's habeas claims are either procedurally defaulted, not cognizable under § 2254, or lack merit. Consequently, he is not entitled to a COA.

**V.     CONCLUSION**

For the reasons set forth above, the Court overrules the objections to Judge Hey's R&R and adopts the R&R's findings and recommendations in their entirety. As such, Coker's habeas petition is denied and dismissed. The Court further declines to issue a COA or order an evidentiary hearing.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge